IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BOOKER T. DAVIS, SR., as Personal Representative )
of the Estate of BOOKER T. DAVIS, JR., deceased, )
)
Plaintiffs, )
)
v. )  Case No.: 4:16-cv-514-KGB
)
DAVID GREEN, NURA AUSTIN, ROY WILLIAMS )  ***JURY TRIAL DEMANDED***
KELLY LEPORE, CHRIS ALSBROOK, JAMES )
WHEELER, STUART THOMAS, individually and in his )
official capacity, and THE CITY OF LITTLE ROCK, )
a municipality, )
)
Defendants. ) This case assigned to District Judge Baker
and to Magistrate Judge Volpe

## COMPLAINT

NOW COMES, Plaintiff, BOOKER T. DAVIS, SR., by that through his attorneys, and for his Complaint, states as follows:

This action is re-filed, with the current pleading, pursuant to the Arkansas "savings statute," A.C.A. § 16-56-126. The action was previously filed in federal court in the Eastern District of Arkansas, as *Booker T. Davis, Sr., as Personal Representative of the Estate of Booker T. Davis, Jr., deceased, v. David Green, Nura Austin, Roy Williams, Kelly Lepore, Chris Alsbrook, James Wheeler, individually and in their official capacities, Stuart Thomas, individually and in his official capacity, and the City of Little Rock, a municipality*, Case No. 4:15-CV-413 KGB, and was dismissed without prejudice by the Honorable Kristine G. Baker, on July 16, 2015. *See July 16, 2015 Voluntary Dismissal Order (Doc. #3), attached hereto as Exhibit 1*. The Eighth Circuit applies A.C.A. § 16-56-126 to § 1983 claims, and Plaintiff, in bringing the current cause, invokes said Arkansas statute. *Whittle v. Wiseman*, 683 F.2d 1128, 1129 (8th Cir. 1982).

## JURISDICTION and VENUE

1.  This action arises under the United States Constitution, under the Fourth and Fourteenth Amendments, and under federal law, particularly 42 U.S.C. § 1983, and the laws of the State of Arkansas. This Honorable Court has jurisdiction by virtue of 28 U.S.C. §§ 1331, 1343 and 1367. Venue is founded in this Court upon 28 U.S.C. § 1391, as the acts of which Plaintiff complains arose in this District.

## PARTIES

2.  At all relevant times, BOOKER T. DAVIS ("BOOKER") was a citizen of the United States of America and was, therefore, entitled to all legal and constitutional rights afforded citizens of the United States of America. On July 8, 2012, BOOKER died as the result of excessive force used during his improper arrest by police officers, DAVID GREEN ("GREEN"), NURA AUSTIN ("AUSTIN"), ROY WILLIAMS ("WILLIAMS") KELLY LEPORE ("LEPORE"), CHRIS ALSBROOK ("ALSBROOK"), and JAMES WHEELER ("WHEELER") of the Little Rock Police Department ("LRPD").

3.  BOOKER's heirs-at-law and beneficiaries, namely, Booker T. Davis, Sr. ("PLAINTIFF" and BOOKER's father), Jorene Davis (mother), Angela Davis (sister), Keith Davis (brother), Casandra Davis (sister), Jayla Davis (sister), Gabriel Davis, Sr. (brother), Anthony Davis (son), Anora Davis (daughter), Alexander Davis (son), Daylon Bond (son), Jasmine Davis (daughter), are all citizens of the United States of America and, therefore, they are entitled to all legal and constitutional rights afforded citizens of the United States of America.

4.  PLAINTIFF is the court-appointed Special Administrator of the Estate of Booker T. Davis, Jr. *See* July 6, 2015 Probate Court Order attached as *Exhibit 2*. PLAINTIFF brings

this action on behalf of the estate and on behalf of BOOKER's heirs-at-law and beneficiaries above.

5. At all relevant times, including July 8, 2012, GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER, were employed by the City of Little Rock as a police officers, and acted under the color of state law, and within the scope of their employment. At all relevant times, GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER were held out as properly trained in police work, including, but not limited to, the Fourth Amendment of the United States Constitution, proper searches and seizures, proper arrest procedures, police general orders, and the limitations placed upon the use of excessive force.

6. At all relevant times, including July 8, 2012, STUART THOMAS, ("THOMAS"), was employed by the CITY as the LRPD Chief of Police, and acted under the color of state law, and within the scope of his employment. At all relevant times, THOMAS had the ultimate responsibility within the LRPD for the protection of life, preservation of law and order, investigation of all crimes and the enforcement of state laws and city ordinances. At all relevant times, the LRPD was an apparatus within the CITY, and functioned as an extension of the CITY, providing law enforcement.

7. At all relevant times, including July 8, 2012, and for years prior thereto, THOMAS had final policy-making authority in terms of creating, adopting, implementing and/or enforcing LRPD policies, whether formal or informal. At all relevant times, including July 8, 2012, and for years prior thereto, THOMAS had final decision-making authority in terms of training, supervision, control and discipline of LRPD officers.

8. At all relevant times, the City of Little Rock ("CITY") was a municipality organized and existing under the laws of the State of Arkansas. At all relevant times, the CITY

3

was located in the County of Pulaski, State of Arkansas, and was the employer of the individually-named defendants. The CITY is and was empowered, funded and directed to pay any § 1983 civil rights judgment for compensatory damages, actual damages, and attorney fees for which any city employee acting within the scope of his or her employment is found liable. The CITY is an indemnification party for those liable in the acts of which PLAINTIFF complains.

9. At all relevant times, the CITY was insured against lawsuits premised upon the actions or omissions of its police officers, within the scope of employment, which constitute violations of citizens' civil rights. The acts of which PLAINTIFF complains constitute a civil rights lawsuit against the CITY and the other city-employed defendants. The CITY is a primary or secondary indemnification party regarding the acts of the city-employed defendants of which PLAINTIFF complains.

10. At all relevant times, the CITY was a municipality which participated in the Municipal Legal Defense Program. The acts of which PLAINTIFF complains constitute a civil rights lawsuit against the CITY and the other city-employed defendants. The Municipal Legal Defense Program is a primary or secondary indemnification party regarding the acts of the CITY and the city-employed defendants of which PLAINTIFF complains.

11. Prior to July 8, 2012, the CITY had paid settlements for individual police officers who were sued under allegations of excessive force committed by the officers, within the scope of their employment.

## FACTUAL ALLEGATIONS

12. On July 8, 2012, the CITY received a call to its dispatch regarding a person in the area of South Lazard Street, Little Rock, who was acting unusually in public. The caller

informed the CITY as to her belief that he person described was on "sherm," a street name for Phencyclidine.

13. In response to the call, GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER all arrived at various times to the area. Prior to the arrival of each of these officers, each of them was aware that the person described in the call might be on hallucinogens or some type of controlled substance, and this was the cause of the person's unusual behavior.

14. GREEN and AUSTIN arrived first, followed by WILLIAMS. These officers proceeded to 1416 South Izard Street, where they saw an individual in his home.

15. BOOKER lived at 1416 South Izard Street, and he was individual the officers saw inside the residence.

16. GREEN, AUSTIN and WILLIAMS entered the residence.

17. A struggle ensued between BOOKER, GREEN, AUSTIN and WILLIAMS inside BOOKER's residence.

18. GREEN pepper sprayed BOOKER inside the residence.

19. LEPORE arrived at the location, and entered the residence.

20. GREEN, AUSTIN, WILLIAMS and LEPORE, and each of them, threw BOOKER down on the ground, where he landed in the prone position.

21. While BOOKER was on the ground in the prone position, he was restrained and handcuffed, and further restrained by GREEN, AUSTIN, WILLIAMS and LEPORE.

22. While BOOKER was on the ground in the prone position, handcuffed and being restrained, ALSBROOK and WHEELER arrived at the residence.

23. LEPORE informed GREEN, AUSTIN and WHEELER about the phenomenon of "Excited Delirium," and further advised them that she had recently received training from the LRPD that was applicable to the situation they were then experiencing.

24. LEPORE requested leg restraints for BOOKER.

25. ALSBROOK and GREEN applied the leg restraints to BOOKER.

26. BOOKER stopped breathing in his residence, and was taken to the hospital, where he was pronounced dead.

27. An autopsy was performed on July 9, 2012, and BOOKER's manner of death was "undetermined." His cause of death was found to be phencyclidine toxicity, with "cardiomyopathy due to obesity, struggle, restraint, exertion and pepper (OC) spray exposure," listed as contributory causes of death.

## COUNT I
### GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, AND WHEELER FOR EXCESSIVE FORCE AND FAILURE TO INTERVENE

28. Plaintiff hereby incorporates and re-alleges Paragraphs one (1) twenty-seven (27) as and for Paragraph 28 of Count I.

29. The force used by GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER, and each of them, was excessive, unnecessary and objectively unreasonable, and proximately caused BOOKER's personal injuries, great pain and death. Alternatively, GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER, and each of them, failed to intervene to protect BOOKER and prevent his death, despite ample opportunity to do so.

30. The conduct of GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER, and each of them, proximately caused a deprivation of the rights, privileges and immunities secured to BOOKER and his beneficiaries by the Fourth and Fourteenth

Amendments to the United States Constitution and laws enacted thereunder. With this conduct, GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER, and each of them, showed a reckless or callous indifference to the federally-protected rights of BOOKER.

31. The acts and omissions committed by GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER, and each of them, was in violation of the Fourth and Fourteenth Amendment rights of the BOOKER and his beneficiaries, including due process. Therefore, GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER, and each of them, is liable to PLAINTIFF in damages pursuant to 42 U.S.C. § 1983, including loss of life, loss of liberty interest, conscious pain and suffering and punitive damages.

## COUNT II
### GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, AND WHEELER FOR WRONGFUL DEATH/NEGLIGENCE

32. Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through thirty-one (31) as and for Paragraph 32 of Count II.

33. On July 8, 2012, GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER, and each of them, owed BOOKER a duty to maintain public order and to enforce at all times all such laws, ordinances and regulations for the preservation of good order and the public welfare, including the duty to follow all such laws, ordinances and regulations. Each of them owed BOOKER a duty to refrain from willful, wanton, and reckless misconduct.

34. Disregarding these duties, GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER, and each of them, were guilty of one more of the following acts which proximately caused BOOKER's death:

    a) used excessive force without legal justification which caused the death of BOOKER; and

      b) allowed and tacitly approved unjustified deadly force to be used against BOOKER, without intervening to protect him.

35. By reason of the wrongful death of BOOKER, PLAINTIFF and BOOKER's beneficiaries have incurred pecuniary damages and severe mental anguish.

36. Plaintiff brings Count II pursuant to Arkansas Code Annotated § 16-62-102(a) and (b) which provides for damages whenever the death of a person shall be caused by a wrongful act notwithstanding the death of the person.

WHEREFORE, PLAINTIFF prays for judgment against GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER, and each of them, in an amount which will fully and fairly compensate PLAINTIFF for damages suffered.

## COUNT III
### GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, AND WHEELER FOR SURVIVAL

37. Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through thirty-six (36) as and for Paragraph 37 of Count III.

38. On July 8, 2018, prior to his death and including his being subjected to excessive force and restraint, BOOKER suffered personal injuries and great pain proximately caused by the wrongful acts of GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER, and each of them.

39. By reason of the wrongful acts of GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER, and each of them, BOOKER incurred personal injuries and great pain as well as damages in the form of loss of life.

40. PLAINTIFF brings Count III pursuant to Arkansas Code Annotated § 16-62-101(a)(1) which provides for damages for wrongs done to a person and further provides that such an action may be brought after the death of the person by the administrator of his estate.

WHEREFORE, PLAINTIFF prays for judgment against GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER, and each of them, in an amount which will fully and fairly compensate PLAINTIFF for damages suffered.

**COUNT IV**
**THOMAS AND THE CITY**
**FOR FAILURE TO TRAIN, SUPERVISE AND/OR DISCIPLINE**

41. Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through forty (40) as and for Paragraph 41 of Count IV.

42. That THOMAS and the CITY have a duty to properly train and discipline LRPD officers so that those officers do not violate the constitutional rights of persons with whom they come into contact.

43. That the training practices at the LRPD are inadequate in the following ways:

   a) failure to properly train LRPD officers on the United States Constitution, the Fourth Amendment and the proper uses of force;

   b) failure to properly train LRPD officers on proper search and seizures, with or without a warrant;

   c) failure to properly train LRPD officers on proper restraint and control of persons;

   d) failure to properly train LRPD officers on the concept of restraint asphyxia;

   e) failure to properly train LRPD officers on alternatives to arrest of non-violent persons;

   f) failure to properly train LRPD officers on the safe handling of persons presumed to be under the influence of drugs; and

   g) failure to properly train LRPD officers to avoid or plan to avoid uses of excessive force.

44. That the supervision and discipline practices at the LRPD are inadequate in the following ways:

   a) allowance of a code of silence which prevents incriminatory facts from being known to other LRPD officers and the public at large;

   b) failure to properly discipline violations of LRPD polices; and

   c) failure to properly discipline instances of improper use of excessive force.

45. At all relevant times, including July 8, 2012 and for years prior thereto, THOMAS and the CITY were recklessly or callously indifferent to the rights of its citizens in adopting their training and discipline practices, such that the failure to train reflects a deliberate or conscious choice by THOMAS and the CITY.

46. This pattern of training and discipline deficiencies, and each of them, was so pervasive as to constitute "customs" with the force of law.

47. The customs described above were moving forces behind the violations of BOOKER's constitutional rights committed by GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER, and each of them, and proximately caused BOOKER's personal injuries, great pain and death. The custom described above also proximately caused a deprivation of the rights, privileges and immunities secured to PLAINTIFF and BOOKER's beneficiaries by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including due process, and laws enacted thereunder.

48. As a result of the customs described above, BOOKER was subjected to excessive force and caused to die and, as a result, the CITY is liable to PLAINTIFF in damages under 42 U.S.C. § 1983, including loss of life, loss of liberty interest, and conscious pain and suffering.

WHEREFORE, PLAINTIFF prays for judgment against THOMAS and the CITY, and each of them, in an amount which will fully and fairly compensate PLAINTIFF for damages suffered.

### COUNT V
### THOMAS AND THE CITY FOR PERMITTING A WIDESPREAD, PERSISTENT PATTERN OF UNCONSTITUTIONAL CONDUCT

49. Plaintiff hereby incorporates and re-alleges Paragraphs one (1) through forty-eight (48) as and for Paragraph 49 of Count V.

50. At all relevant times, including July 8, 2012, there existed at the LRPD a continuing, widespread, persistent pattern of unconstitutional misconduct by LRPD officers. This pattern of unconstitutional misconduct included, *inter alia*:

> a) Improper, unwarranted uses of deadly force committed by LRPD officers in the field;
>
> b) Excessive force committed by LRPD officers in the field;
>
> c) Improper, illegal warrantless searches and seizures committed by LRPD officers in the field; and
>
> d) Improper, biased internal investigations of police-involved shootings and use of excessive force performed by LRPD officers.

51. At all relevant times, THOMAS and the CITY, and each of them, exhibited a deliberate indifference to, or tacit authorization of, this pattern of misconduct despite notice of same to THOMAS and the CITY, and each of them.

52. This pattern of police misconduct was so pervasive as to constitute a "custom" with the force of law.

53. This custom was the moving force behind the violations of BOOKER's constitutional rights committed by GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, and WHEELER, and each of them, and proximately caused BOOKER's personal injuries, great

11

pain and death. The custom described above also proximately caused a deprivation of the rights, privileges and immunities secured to PLAINTIFF and BOOKER's beneficiaries by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including due process, and laws enacted thereunder.

54. As a result of the customs described above, BOOKER was subjected to excessive force and caused to die and, as a result, THOMAS and the CITY is liable to Plaintiff in damages under 42 U.S.C. § 1983, including loss of life, loss of liberty interest, conscious pain and suffering and punitive damages.

WHEREFORE, PLAINTIFF prays for judgment against THOMAS and the CITY, and each of them, in an amount which will fully and fairly compensate PLAINTIFF for damages suffered.

WHEREFORE, PLAINTIFF prays for judgment against GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, WHEELER, THOMAS and the CITY, and each of them, in an amount which will fully and fairly compensate PLAINTIFF for damages suffered.

WHEREFORE, Plaintiff, BOOKER T. DAVIS, SR., by and through his attorneys, requests judgment against the defendants and each of them:

1. That defendants be required to pay PLAINTIFF's compensatory damages;

2. That defendants be required to pay economic and non-economic damages, including but not limited to loss of life, loss of society, loss of services, loss of liberty interest and mental anguish;

3. That GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, WHEELER, and THOMAS be required to pay punitive damages;

4. That GREEN, AUSTIN, WILLIAMS, LEPORE, ALSBROOK, WHEELER, THOMAS and the CITY be

required to pay reasonable attorney fees per 42 U.S.C. § 1988; and

5. That PLAINTIFF receive any other such relief as this Honorable Court deems just and proper.

Respectfully submitted,

*/s/ Michael J. Laux*

Michael J. Laux
E. Dist. Arkansas Bar No. 6278834
One of the Attorneys for PLAINTIFF
650 California Street, 26th Floor
San Francisco, CA 94108
Telephone: (415) 981-7210
Facsimile: (415) 391-6965
E-mail: mlaux@walkuplawoffice.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

BOOKER T. DAVIS, SR.,
as personal representative of the
Estate of BOOKER T. DAVIS, JR.,
deceased,                                                                                           PLAINTIFF

v.                           Case No. 4:15-cv-413 KGB

DAVID GREEN, NURA AUSTIN,
ROY WILLIAMS, KELLY LEPORE,
CHRIST ALSBROOK, JAMES WHEELER,
STUART THOMAS, individually and
in his official capacity, and THE CITY
OF LITTLE ROCK                                                                                    DEFENDANTS

## ORDER

Plaintiff Booker T. Davis, Sr., as personal representative of the estate of Booker T. Davis Jr., filed a notice of voluntary dismissal without prejudice (Dkt. No. 2). Mr. Davis has filed his notice of voluntary dismissal prior to any defendant filing an answer or responsive pleading; therefore, Mr. Davis may dismiss this action without a court order. Fed. R. Civ. P. 41(a)(1)(A). Accordingly, this action is dismissed without prejudice.

SO ORDERED this 16th day of July, 2015.

*Kristine G. Baker* (signature)
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE

EXHIBIT 1

ELECTRONICALLY
FILED

JUL 0 6 2015
TIME: _____
CASE #: _____

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF ) PROBATE NO. PR15-1204
)
BOOKER T. DAVIS, JR., DECEASED, )

## ORDER APPOINTING ESTATE ADMINISTRATOR

THIS MATTER being heard on the petition of Petitioner, Booker T. Davis, Sr., to be appointed the administrator of the Estate of Booker T. Davis, Jr., due notice being formally waived and this Honorable Court being fully apprised in the premises,

IT IS HEREBY ORDERED:

1. Booker T. Davis, Sr.'s petition to be appointed administrator of the Estate of Booker T. Davis, Jr., is GRANTED without opposition.

2. Administrator, Booker T. Davis, Sr., will faithfully discharge all duties associated with the administration of the Estate of Booker T. Davis, Jr., will proceed in compliance with all aspects of the Arkansas Probate Code and will follow all orders entered by this Honorable Court.

Entered this date: July 6, 2015

_____
JUDGE

Booker T. Davis, Sr.
5501 Holt Lane
Little Rock, AR 72206

EXHIBIT 2